UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHELLE CARTER, JOSEPH ESTED, TERRELL HALL, :
HERMAN MARTINEZ, PERCY MEERTENS, CARLOS       : **PLAINTIFFS' COMPLAINT**
PATTERSON and AYESHA SHAHEED,                 :
                                              :
                                              : Jury Trial Demanded
                            Plaintiffs,       :
                                              :
          -against-                           :
                                              : Civil Action No.:
THE CITY OF NEW YORK, THE FIRE DEPARTMENT     : (WS) (PK)
OF THE CITY OF NEW YORK, and NEW YORK CITY    :
DEPARTMENT OF CITYWIDE ADMINISTRATIVE         :
SERVICES,                                     :
                                              :
                            Defendants.       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Michelle Carter, Joseph Ested, Terrell Hall, Herman Martinez, Percy Meertens, Carlos

Patterson and Ayesha Shaheed (collectively "Plaintiffs"), by and through their attorneys,

FAUST GOETZ SCHENKER & BLEE LLP, allege the following upon information and

belief against The City of New York ("City"), The New York Fire Department a/k/a The Fire

Department of The City of New York ("FDNY"), and The New York City Department of

Citywide Administrative Services ("DCAS") (collectively referred to as "Defendants").

## NATURE OF ACTION

1.      This is an action brought to remedy discrimination in employment on the basis

of race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"), as amended, 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, the New

York State Human Rights Law, New York Executive Law §§ 290 and 296, and New York City

Administrative Code §§ 8-101, et seq.  The action seeks declaratory and injunctive relief and

compensatory and punitive damages both to secure future protection and to redress the past deprivation of rights secured to Plaintiffs under these local, state and federal laws.

2.      The Defendants herein have intentionally excluded the Plaintiffs from the position of entry level firefighter on the basis of race, color, and national origin despite the Plaintiffs' qualification for the position, and held the position open for other equal or less qualified applicants in violation of Title VII, state and local anti-discrimination laws.

3.      The practice of outright rejecting or ignoring minority applicants regardless of qualification evidences a prima facie case of intentional discrimination.

4.      Based on the foregoing, Plaintiffs seek: (a) declaratory and injunctive relief, including but not limited to the issuance of a judgment declaring that the policies, practices and/or customs described herein violate federal, state and local laws; (b) injunctive relief to halt the practice of intentionally discriminating against qualified minority applicants; and (c) compensation and other relief to make whole the minority applicants for appointment who have been injured by the Defendants' unlawful and intentionally discriminatory hiring practices.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§1331 and 1343(a)(3)-(4), and 28 U.S.C. §1367(a) for claims arising under the New York State Human Rights Law and the New York City Administrative Code, based on supplemental jurisdiction over claims that arise from a common nucleus of operative facts and are so intertwined with other matters pending before the Court as to make exercise of supplemental jurisdiction appropriate.

6.     Venue of proper pursuant to 28 U.S.C. §1391 based on the address of the headquarters of Defendant THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, which is located at 9 MetroTech Center, Brooklyn, New York.

## PARTIES

7.     The plaintiffs consist of seven individuals.  Six of the Plaintiff individuals are African American and one individual Plaintiff, Mr. Herman Martinez, is Hispanic.

8.     All of the Plaintiffs, based on their race and minority status, are part of a protected class of individuals under Federal, State and Local laws.

9.     Plaintiff Carlos Patterson is an individual residing in Brooklyn, New York.  He is an African American and as such, is a member of a protected class.

10.     Plaintiff Percy Meertens is an individual currently residing in Matawan, New Jersey.  He is an African American and as such, is a member of a protected class.

11.     Plaintiff Michelle Carter is an individual currently residing in Brooklyn, New York.  She is an African American and as such, is a member of a protected class.

12.     Plaintiff Ayesha Shaheed is an individual currently residing in Brooklyn, New York.  She is an African American and as such, is a member of a protected class.

13.     Plaintiff Joseph Ested is an individual currently residing in Wappinger Falls, New York.  He is an African American and as such, is a member of a protected class.

14.     Plaintiff Terrell Hall is an individual currently residing in Queens Village, New

York.  He is an African American and as such, is a member of a protected class.

15.     Plaintiff Herman Martinez is an individual currently residing in Brooklyn, New York.  He is an African American and as such, is a member of a protected class.

16.     Defendant The City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.  Defendant City is an employer as defined by Title VII.  Defendant City is a "person" for purposes of enforcement of the rights guaranteed under 42 U.S.C. §§ 1981 and 1983.

17.     Defendant The City of New York maintains a fire department, The New York Fire Department, a/k/a the Fire Department of the City of New York ("FDNY"), the headquarters of which is located in Brooklyn, New York and employs firefighters who, among other things, are responsible for protecting individuals and property in the City of New York.

18.     Defendant FDNY is a department, agency, bureau and/or subdivision of the City.  Defendant FDNY is a local government agency of New York City.

19.     Defendant Department of Citywide Administrative Services ("DCAS") is a department, agency, bureau and/or subdivision of the City.  Defendant DCAS is responsible for administering all civil service examinations, including the open competitive examination for appointment to entry-level firefighter positions.

<u>ALLEGATIONS OF FACT</u>

<u>Background</u>

20.     The FDNY is the largest fire department in the United States.  It currently employs in excess of 10,000 uniformed firefighters in all ranks.

21.     Defendant The City of New York is responsible for establishing the terms, conditions and other practices which bear upon the selection and employment of FDNY firefighters.

22.     Defendant The City of New York has maintained and continues to maintain an open competitive examination process by which applicants for appointment to the rank of entry-level firefighter in the FDNY are screened and selected.

23.     The FDNY, together with the Defendants, permits anyone to apply for the position of entry-level firefighter as long as they meet certain requirements such as age, citizenship, residency, etc.

24.     Since 1999, defendant The City of New York has used two open competitive examination processes in the screening and selection of applicants for appointment to the rank of entry-level firefighter in the FDNY.  Each of these open competitive examination processes has involved the administration of a written examination as well as a physical performance test ("CPAT").

25.     The first of these open competitive examination processes, Exam #7029, involved the administration of a written examination in February 1999.

26.     The Defendants used the eligibility list that was generated therefrom, from February, 2001 until December, 2004.

27.     The second of these open competitive examination processes, Exam 2043, involved the administration of a written examination in December 2002.

28.     The Defendants have used the eligibility list that was generated therefrom since May 2004.

29.     Defendants used both Exam 7029 and Exam 2043 on a "pass/fail basis." As such, only those applicants who passed the written examination were eligible to take the CPAT.

30.     Applicants were permitted to take the CPAT more than once in the event an applicant failed the CPAT.

31.     Defendants used both Exam 7029 and Exam 2043 as part of its "rank-order" processing of applicants.  As such, applicants who passed both the written examination and the CPAT were placed on an eligibility list in descending rank order of their combined written examination and CPAT scores ("combined score"), plus bonus points.

32.     The eligibility list was also known as a List Number.

33.     As the FDNY has needed to appoint additional entry-level firefighters, Defendants processed applicants from the eligibility list in descending rank order.  As part of that processing, Defendants verified that applicants meet the requisite qualifications for appointment.

34.     Defendants appointed approximately 3,207 entry-level firefighters from the eligibility list that resulted from Exam 7029, of whom 99 (3.1 %) were black and 269 (8.4%) were Hispanic.

35.     Defendant The City of New York set the passing score for Exam No. 7029 at 84.705.

36.     As of February 2, 2007, The City of New York had appointed approximately 1,549 entry-level firefighters from the eligibility list that resulted from Exam 2043, of whom 51 (3.3%) were black and 136 (8.8%) were Hispanic.

37.     Defendant City of New York set the passing score for Exam No. 2043 at 70.000.

Discrimination

38.     Here, all of the Plaintiffs are minorities in a protected class.

39.     All of the Plaintiffs took either Exam 7029 or Exam 2043 which was administered by the Defendants between the years 1999 – 2003.

40.     All of the Plaintiffs passed either Exam 7029 or Exam 2043 as administered by the Defendants.

41.     All of the Plaintiffs were qualified for the applicant position of entry-level firefighter.

42.     All of the Plaintiffs were intentionally passed over by the Defendants despite the

Plaintiffs' qualification for the entry-level firefighter position.

43.     The entry-level firefighter positions for which the Plaintiffs were qualified by virtue of passing either Exam 7029 or Exam 2043 were left open to other equal or less qualified applicants.

44.     All of the Plaintiffs reapplied for the position of entry-level firefighter in 2012 with the consent or permission of the Defendants.

45.     All of the Plaintiffs applied for the position of entry-level firefighter, took all of the requisite tests, and passed all of the requisite tests.

46.     All of the Plaintiffs were intentionally passed over by the Defendants for the position of entry-level firefighter in 2013.

Carlos Patterson

47.     In 1999 Plaintiff Carlos Patterson took and passed Exam #7029 with a score of 97 percent.

48.     Mr. Patterson's score on Exam #7029 was amongst the highest in his class.

49.     Mr. Patterson took the physical exam ("CPAT") and scored 92 percent.

50.     Mr. Patterson's CPAT score of 92 percent was amongst the highest in his class.

51.     Based on Mr. Patterson's combined test scores in the written and physical exams, Mr. Patterson was qualified for the position of entry-level firefighter.

52.     Mr. Patterson was intentionally passed over for the position of entry level firefighter by the Defendants despite his qualifications.

53.     Mr. Patterson was intentionally kept from completing the application process by virtue of being intentionally passed over and not being permitted to conduct a medical or psychological examination.

54.     Mr. Patterson was never given a civil service priority or List Number by the Defendants.

55.     Mr. Patterson was never contacted by the Defendants or given a reason by the Defendants for intentionally passing over his application for the position of entry-level firefighter.

56.     In 2012, Mr. Patterson was again permitted by the Defendants to re-apply for the position of entry-level firefighter.

57.     Mr. Patterson took and passed all of the necessary physical, medical and written examinations between the years 2012-2013.

58.     In 2013 Mr. Patterson was denied the position of entry-level firefighter.

Percy Meertens

59.     In 1999, Mr. Meertens took and passed firefighter's exam #7029 with a score of 97 percent.

60.     Mr. Meerten's score on Exam #7029 was amongst the highest in his class.

61.     Mr. Meertens took and passed the CPAT exam.

62.     Based on Mr. Meerten's combined test scores in the written and physical exams, Mr. Meertens was qualified for the position of entry-level firefighter.

63.     Mr. Meertens was intentionally passed over for the position of entry level firefighter by the Defendants despite his qualifications.

64.     Mr. Meertens was intentionally kept from completing the application process  by virtue of being intentionally passed over and not being permitted to conduct a medical or psychological examination.

65.     Mr. Meertens was never given a civil service priority or List Number by the defendants.

66.     Mr. Meertens was never contacted by the Defendants or given a reason by the Defendants for intentionally passing over his application for the position of entry-level firefighter.

67.     In 2012, Mr. Meertens was again permitted by the Defendants to re-apply for the position of entry-level firefighter.

68.     Mr. Meertens took and passed all of the necessary physical, medical and written examinations between the years 2012-2013.

69.     In 2013, Mr. Meertens was denied the position of entry-level firefighter.

Michelle Carter

70.   In 2003, Ms. Carter took and passed firefighter's exam #2043, receiving a passing score of 70 percent.

71.   Based on her test score, Ms. Carter was qualified for the position of entry-level firefighter.

72.   Ms. Carter was intentionally passed over for the position of entry level firefighter by the Defendants despite her qualifications.

73.   Ms. Carter was intentionally kept from completing the application process  by virtue of being intentionally passed over and not being permitted to conduct a medical or psychological examination.

74.   Ms. Carter was never given a civil service priority or List Number by the defendants.

75.   Ms. Carter was never contacted by the Defendants or given a reason by the Defendants for intentionally passing over her application for the position of entry-level firefighter.

76.   In 2012, Ms. Carter was again permitted by the Defendants to re-apply for the position of entry-level firefighter.

77.   Ms. Carter trained hard and was featured by CBS in a television program and news article highlighting her accomplishments as a candidate for the entry-level firefighter

position.[1]

78.     Ms. Carter took and passed all of the necessary physical, medical and written examinations between the years 2012-2013.

79.     In 2013, Ms. Carter was denied the position of entry-level firefighter.

Ayesha Shaheed

80.     In 2003, Ms. Shaheed took and passed firefighter's exam #2043, receiving a passing score of 80 percent.

81.     Based on her test score, Ms. Shaheed was qualified for the position of entry-level firefighter.

82.     Ms. Shaheed was intentionally passed over for the position of entry level firefighter by the Defendants despite her qualifications.

83.     Ms. Shaheed was intentionally kept from completing the application process by virtue of being intentionally passed over and not being permitted to conduct a medical or psychological examination.

84.     Ms. Shaheed was never given a civil service priority or List Number by the defendants.

85.     Ms. Shaheed was never contacted by the Defendants or given a reason by the

---

[1] Both the new article and CBS news video is linked here: http://newyork.cbslocal.com/2013/02/27/exclusive-behind-the-scenes-look-at-women-training-to-join-fdny/

Defendants for intentionally passing over her application for the position of entry-level firefighter.

86.     In 2012, Ms. Shaheed was again permitted by the Defendants to re-apply for the position of entry-level firefighter.

87.     Ms. Shaheed took and passed all of the necessary physical, medical and written examinations between the years 2012-2013.

88.     In 2013, Ms. Shaheed was denied the position of entry-level firefighter.

Joseph Ested

89.     In 2002, Mr. Ested took and passed the entry-level firefighter Exam #2043.

90.     Based on his test score, Mr. Ested was qualified for the position of entry-level firefighter.

91.     Mr. Ested was intentionally passed over for the position of entry level firefighter by the Defendants despite his qualifications.

92.     Mr. Ested was intentionally kept from completing the application process  by virtue of being intentionally passed over and not being permitted to conduct a medical or psychological examination.

93.     Mr. Ested was never given a civil service priority or List Number by the defendants.

94.     Mr. Ested was never contacted by the Defendants or given a reason by the

Defendants for intentionally passing over his application for the position of entry-level firefighter.

95.     In 2012, Mr. Ested was again permitted by the Defendants to re-apply for the position of entry-level firefighter.

96.     Mr. Ested took and passed all of the necessary physical, medical and written examinations between the years 2012-2013.

97.     In 2013, Mr. Ested was denied the position of entry-level firefighter.

Terrell Hall

98.     In 2002, Mr. Hall took and passed the entry-level firefighter Exam #7029.

99.     Based on his test score, Mr. Hall was qualified for the position of entry-level firefighter.

100.    Mr. Hall was intentionally passed over for the position of entry level firefighter by the Defendants despite his qualifications.

101.    Mr. Hall was intentionally kept from completing the application process  by virtue of being intentionally passed over and not being permitted to conduct a medical or psychological examination.

102.    Mr. Hall was never given a civil service priority or List Number by the defendants.

103.    Mr. Hall was never contacted by the Defendants or given a reason by the

Defendants for intentionally passing over his application for the position of entry-level firefighter.

104. In 2012, Mr. Hall was again permitted by the Defendants to re-apply for the position of entry-level firefighter.

105. Mr. Hall took and passed all of the necessary examinations between the years 2012-2013.

106. In 2013, Mr. Hall was denied the position of entry-level firefighter.

Herman Martinez

107. In 2003, Mr. Martinez took and passed firefighter's Exam #2043 with a score of 85%.

108. Mr. Martinez' score of 85% was amongst the highest in his class.

109. In 2003, Mr. Martinez also took and passed the physical exam ("CPAT"), along with the psychological and medical exams.

110. Based on Mr. Martinez' combined test scores in the written and physical exams, together with the psychological and medical exams, Mr. Martinez was qualified for the position of entry-level firefighter.

111. Mr. Martinez was intentionally passed over for the position of entry level firefighter by the Defendants despite his qualifications.

112. Mr. Martinez was intentionally kept from completing the application process  by

virtue of being intentionally passed over.

113.    Mr. Martinez was never contacted by the Defendants or given a reason by the Defendants for intentionally passing over his application for the position of entry-level firefighter.

114.    In 2012, Mr. Martinez was again permitted by the Defendants to re-apply for the position of entry-level firefighter.

115.    Mr. Martinez took and passed all of the necessary physical, medical and written examinations between the years 2012-2013.

116.    In 2013, Mr. Martinez was denied the position of entry-level firefighter.

EEOC/JOJ

117.    This action is founded on charges filed with the United States Equal Employment Opportunity Commission ("EEOC") by the Plaintiffs in or about December 20, 2013 by Terrell Hall (charge no. 520-2014-01520); December 20, 2013 by Michelle Carter (charge no. 520-2014-01521); December 20, 2013 by Ayesha Shaheed (charge no. 520-2014-01522); January 2, 2014 by Carlos Patterson (charge no. 520-2014-01523); January 2, 2014 by Joseph Ested (charge no. 520-2014-01524); December 20, 2013 by Percy Meertens (charge no. 520-2014-01525); and January 2, 2014 by Herman Martinez (charge no. 520-2014-01526).

118.    This lawsuit is commenced within ninety (90) days of Plaintiffs' receipt of a notice from the EEOC, followed by a notice from the United States Department of Justice ("DOJ") dated October 16, 2014, stating that the Plaintiffs have a right to sue, challenging

the intentional discrimination practices outlined herein.  Copies of all Notices to the Plaintiffs from the EEOC and DOJ are collectively annexed hereto as **Exhibit "A"**.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, <u>et</u> <u>seq</u>.**

119.    The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-118 above.

120.    All of the Plaintiffs are African American or Hispanic and are therefore part of a protected class of individuals.

121.    All of the Plaintiffs were qualified for the position of entry-level firefighter when they applied by virtue of passing the Defendants' requisite tests.

122.    The Defendants' intentionally passed over all of the Plaintiffs' applications for the position of entry-level firefighter despite their qualifications on the basis of intentional discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, <u>et</u> <u>seq</u>.

123.    The positions for which the Plaintiffs were applying were left open to other equal or less qualified applicants.

**COUNT II**
**Violation of 42 U.S.C. § 1981**

124.    The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-123 above.

125.    All of the Plaintiffs are African American or Hispanic and are therefore part of a protected class of individuals.

126.    All of the Plaintiffs were qualified for the position of entry-level firefighter when they applied by virtue of passing the Defendants' requisite tests.

127.    The Defendants' intentionally passed over all of the Plaintiffs' applications for the position of entry-level firefighter despite their qualifications on the basis of intentional discrimination in violation of 42 U.S.C. § 1981.

128.    The positions for which the Plaintiffs were applying were left open to other equal or less qualified applicants.

**COUNT III**
**Violation of 42 U.S.C. § 1983**

129.    The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-128 above.

130.    All of the Plaintiffs are African American or Hispanic and are therefore part of a protected class of individuals.

131.    All of the Plaintiffs were qualified for the position of entry-level firefighter when they applied by virtue of passing the Defendants' requisite tests.

132.    The Defendants' intentionally passed over all of the Plaintiffs' applications for the position of entry-level firefighter despite their qualifications on the basis of intentional discrimination in violation of 42 U.S.C. § 1983.

133.    The positions for which the Plaintiffs were applying were left open to other equal or less qualified applicants.

## COUNT IV
### Violation of New York Executive Law §§ 290 and 296

134.    The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-133 above.

135.    All of the Plaintiffs are African American and Hispanic and are therefore part of a protected class of individuals.

136.    All of the Plaintiffs were qualified for the position of entry-level firefighter when they applied by virtue of passing the Defendants' requisite tests.

137.    The Defendants' intentionally passed over all of the Plaintiffs' applications for the position of entry-level firefighter despite their qualifications on the basis of intentional discrimination in violation of New York Executive Law §§ 290 and 296.

138.    The positions for which the Plaintiffs were applying were left open to other equal or less qualified applicants.

## COUNT V
### Violation of New York City Local Law 59 of 1986, as amended by Local Rule 39 of 1991, §§ 8-101, et seq.

139.    The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-138 above.

140.    All of the Plaintiffs are African American and Hispanic and are therefore part of a protected class of individuals.

141.    All of the Plaintiffs were qualified for the position of entry-level firefighter when they applied by virtue of passing the Defendants' requisite tests.

142.    The Defendants' intentionally passed over all of the Plaintiffs' applications for the position of entry-level firefighter despite their qualifications on the basis of intentional discrimination in violation of New York City Local Law 59 of 1986, as amended by Local Rule 39 of 1991, §§ 8-101, et seq.

143.    The positions for which the Plaintiffs were applying were left open to other equal or less qualified applicants.

## REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiffs request that this Court:

a.    Enter a judgment declaring that the acts and practices of the Defendants are in violation of the laws of the United States, New York State and New York City;

b.    Issue a permanent injunction requiring Defendants to abolish intentional discrimination on the basis of race and national origin within and among their departments and requiring Defendants to:

      i.    cease the intentionally discriminatory practice of rank-order processing of applicants for appointment to the rank of entry-level firefighter;

      ii.    appoint entry-level firefighters from among qualified Black and Hispanic applicants in sufficient numbers to offset the historic pattern and practice of intentional discrimination against Blacks and Hispanics;

c.    Order that Defendants immediately reimburse, and make whole those Black and

Hispanic applicants for appointment to the rank of entry-level firefighter who have been harmed by the Defendants' intentional discriminatory practices, including but not limited to the following relief: back pay with interest, benefits, and seniority from the time of Defendants' illegal actions;

      d.    Award compensatory damages for the pain, suffering, emotional distress, loss of dignity, humiliation, and damages to reputation and livelihood endured by Plaintiffs that are fair, just and reasonable, to be determined at trial;

      e.    Award Plaintiffs punitive damages in an amount to be determined at trial;

      f.    Award Plaintiffs all reasonable attorneys' fees and costs, including expert fees, of this action and ensuring compliance with any order for injunctive relief, as provided for in 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k); and

      g.    Grant Plaintiffs such other and further relief as the Court deems appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: December 5, 2014
      New York, New York

                    Respectfully submitted,
                    FAUST GOETZ SCHENKER & BLEE

                    By: William J. Smith (WJS-9137)
                    Attorneys for Plaintiffs
                    Two Rector Street, 20th Floor
                    New York, New York 10006
                    (212) 363-6900